## GOLCZYNSKI v MILLER
### Case No. 89-11506-CA

Fourth Judicial Circuit, Duval County

August 14, 1989

### APPEARANCES OF COUNSEL

**J. Garfield Hurt,** for plaintiff.

**Dewey Miller,** pro se.

### OPINION OF THE COURT

MATTOX S. HAIR, Circuit Judge.

### *FINAL JUDGMENT*

This matter was heard by the Court on August 9, 1989. Plaintiff, Bernard C. Golczynski, and his attorney, J. Garfield Hurt, were present, as was Dewey Miller, Defendant.

The Court finds from the disputed facts that Plaintiff, Bernard C. Golczynski, in April or May, 1988, requested Miller to rebuild the engine in his 1982 Dodge Challenger automobile. Miller was to locate a used engine, rebuild it, and install it in the automobile. The parties orally agreed that the cost would include $200.00 for an engine and

$600.00 for the installation for a total of $800.00. Goldzynski paid to Miller the sum of $750.00 over a period of months including $350.00 on November 3, 1988, $200.00 on January 3, 1989, $100.00 in cash on March 17, 1989, and $100.00 in cash on June 8, 1989.

Miller told Golczynski that it would take approximately one month to repair the automobile. Miller kept the automobile for a little over one year, and during that time it was burglarized. All of the delays were not related to Miller's actions.

Miller obtained the automobile from Fifth Gear Imported Auto Center on April 3, 1988, where it had remained for almost one year. At that time, the vehicle had several parts missing including wires, brackets, radiator, alternator, and starter, among others. No repairs were done on the automobile between April and the end of July because Plaintiff did not furnish a key to Defendant until that time.

Miller acknowledged that he did not furnish a written estimate or invoice to Plaintiff prior to the repairs being undertaken but he called him about parts or labor which would be included on the automobile.

Plaintiff acknowledged that he filled out an invoice on April 4, 1988 furnished to him by Miller by writing his name and address thereon but that it did not contain the other information regarding parts or labor. However, he saw a copy of the invoice after the repairs were completed which amounted to $1,671.83.

The Court finds from the evidence that Defendant did not comply with Sections 559.901-559.923, Florida Statutes, known as the "Florida Motor Vehicle Repair Act." However, the Court finds that the Plaintiff impliedly partially waived the written estimate in that Miller obtained the vehicle from another location and delivered it to his own shop for repairs. *See* Section 559.905(5), Florida Statutes. The Court further finds that the Defendant notified Plaintiff orally regarding some of the repairs to the vehicle as required by Section 559.909(1)(c), Florida Statutes, and that some of these were authorized by Plaintiff. As a result, Plaintiff is not entitled to a return of his deposit of $750.00.

The Court finds that Plaintiff, Bernard C. Golczynski, suffered damages as a result of the burglary which took place while the vehicle was in Defendant's possession in the amount of $423.46. Although Plaintiff made a claim for loss of use of the automobile (to which he might be entitled since Defendant refused to return it), there is in sufficient evidence to support Plaintiff's claim for loss of use in that the testimony was vague and was not supported by the greater weight of the evidence. *See Lucas Truck Service Company v Hargrave,* 433 So.2d 260 (1st DCA Fla. 1983).

The Plaintiff has incurred costs in connection with posting of bond of $1,000.00 to obtain his vehicle and attorney's fees in the amount of $700.00 and $100.00 as costs. These are reasonable fees and expenses which should be awarded to Plaintiff as there was no objection to them by Defendant and no opposing evidence or testimony. Accordingly, it is

ADJUDGED as follows:

1. Plaintiff, Bernard C. Golczynski, shall recover of and from Defendant, Dewey Miller, the sum of $423.46 as damages herein plus the sum of $700.00 as reasonable attorney's fees and $100.00 in costs, for which let execution issue.

2. The cash bond in the amount of $1,000.00 shall be paid to Plaintiff, Bernard C. Golczynski, and the Clerk of the Court is hereby ordered to pay said sum to Plaintiff less any costs incurred in connection therewith.

ORDERED at Jacksonville, Florida, this 14th day of August, 1989.